1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11   SHIRA KRONFELD, individually,        )    CASE NO. CV13-08066-DDP (JCx)
                                          )
12              Plaintiff,                )    **AMENDED STIPULATED**
                                          )    **PROTECTIVE ORDER**
13         vs.                            )
                                          )
14   US AIRWAYS, INC. and DOES 1          )
     through 10, inclusive,               )
15                                        )
                Defendants.               )
16   _____  )

17
     **1.    PURPOSES AND LIMITATIONS**
18
            Disclosure and discovery activity in this action are likely to involve
19
     production of confidential, proprietary, or private information for which special
20
     protection from public disclosure and from use for any purpose other than
21
     prosecuting this litigation would be warranted.  Accordingly, the parties hereby
22
     stipulate to and petition the court to enter the following Stipulated Protective
23
     Order.
24
            The parties acknowledge that this Order does not confer blanket
25
     protections on all disclosures or responses to discovery and that the protection it
26
     affords extends only to the limited information or items that are entitled under the
27
     applicable legal principles to treatment as confidential.  The parties further
28

                                          1

1  acknowledge, as set forth in Section 10, below, that the court rules must be

2  followed when a party seeks permission from the court to file material under seal.

3  **2.     DEFINITIONS**

4      2.1   Party:  any party to this action, including all of its officers, directors,

5            employees, insurers, underwriters, consultants, retained experts, and

6            outside counsel (and their support staff).

7      2.2   Disclosure or Discovery Material:  all items or information,

8            regardless of the medium or manner generated, stored, or maintained

9            (including, among other things, testimony, transcripts, or tangible

10           things) that are produced or generated in disclosures or responses to

11           discovery in this matter.

12     2.3   Confidential Information or Items:  information (regardless of how

13           generated, stored or maintained) or tangible things that properly

14           qualify for protection under standards developed under California

15           state law.

16     2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:

17           extremely sensitive, "Confidential Information" or Items whose

18           disclosure to another Party or non-party would create a substantial

19           risk of serious injury that could not be avoided by less restrictive

20           means.

21     2.5   Receiving Party:  a Party that receives Disclosure or Discovery

22           Material from a Producing Party.

23     2.6   Producing Party:  a Party or non-party that produces Disclosure or

24           Discovery Material in this action.

25     2.7.  Designating Party:  a Party or non-party that designates information

26           or items that it produces in disclosures or in responses to discovery as

27           "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

28     2.8   Protected Material:  any Disclosure or Discovery Material that is

2

designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus deposition testimony, or presentations by the parties or counsel in settings other than open court that might reveal Protected Material.  This Stipulation and Order is not intended to apply to testimony or other presentations in court.  In the event a dispute arises with respect to non-deposition testimony or

3

1   other presentations in open court, the parties may seek an appropriate order from

2   the presiding judicial officer.

3   **4.      DURATION**

4              Even after the termination of this litigation, the confidentiality

5   obligations imposed by this Order shall remain in effect until a Designating Party

6   agrees otherwise in writing or a court order otherwise directs; the Court's

7   jurisdiction to enforce the terms of this Stipulation and Order shall expire six

8   months after the final termination of this Action.

9   **5.      DESIGNATING PROTECTED MATERIAL**

10           5.1    Exercise of Restraint and Care in Designating Material for Protection:

11                  Each Party or non-party that designates information or items for

12                  protection under this Order should take care to limit any such

13                  designation to specific material that qualifies under the appropriate

14                  standards.  If it comes to a Party's or a non-party's attention that

15                  information or items that it designated for protection do not qualify

16                  for protection at all, or do not qualify for the level of protection

17                  initially asserted, that Party or non-party must promptly notify all

18                  other parties that it is withdrawing the mistaken designation.

19           5.2    Manner and Timing of Designations.  Except as otherwise provided

20                  in this Order (see, e.g., second paragraph of section 5.2(a), below), or

21                  as otherwise stipulated or ordered, material that qualifies for

22                  protection under this Order must be clearly so designated before the

23                  material is disclosed or produced in proceedings that are not in open

24                  court.  Designation in conformity with this Order requires:

25                  (a)     for information in documentary form (apart from transcripts of

26                          depositions or other pretrial or trial proceedings), that the

27                          Producing Party affix the legend "CONFIDENTIAL" or

28                          "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1   on each page that contains protected material.  A Party or

2   non-party that makes original documents or materials available

3   for inspection, before producing the specified documents, must

4   affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each

6   page that contains Protected Material.

7   (b)   for testimony given in deposition that the Party or non-party

8   offering or sponsoring the testimony identify on the record,

9   before the close of the deposition, all protected testimony, and

10   further specify any portions of the testimony that qualify as

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12   When it is impractical to identify separately each portion of

13   testimony that is entitled to protection, the Party or non-party

14   that sponsors, offers, or gives the testimony may invoke on the

15   record (before the deposition or proceeding is concluded) a

16   right to have up to 20 days to identify the specific portions of

17   the testimony as to which protection is sought and to specify

18   the level of protection being asserted ("CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY").

20   Only those portions of the testimony that are appropriately

21   designated for protection within the 20 days shall be covered

22   by the provisions of this Stipulated Protective Order.

23   Transcript pages containing Protected Material must be

24   separately bound by the court reporter, who must affix to the

25   top of each such page the legend "CONFIDENTIAL" or

26   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

27   as instructed by the Party or non-party offering or sponsoring

28   the witness or presenting the testimony.

5

1        (c)     for information produced in some form other than

documentary, and for any other tangible items, that the

Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is

stored the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the

protected portions, specifying whether they qualify as

"Confidential" or as "Highly Confidential – Attorneys' Eyes

Only."

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the court shall be governed by Local Rule 37-1 through 37-4.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in

6

1    connection with this case only for prosecuting, defending, or

2    attempting to settle this litigation.  Such Protected Material may be

3    disclosed only to the categories of persons and under the conditions

4    described in this Order.  When the litigation has been terminated, a

5    Receiving Party must comply with the provisions of section 11, below

6    (FINAL DISPOSITION).  Protected Material must be stored and

7    maintained by a Receiving Party at a location and in a secure manner

8    that ensures that access is limited to the persons authorized under this

9    Order.

10    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

11           otherwise ordered by the court or permitted in writing by the

12           Designating Party, a Receiving Party may disclose any information or

13           item designated CONFIDENTIAL only to:

14           (a)    the Receiving Party's Outside Counsel of record in this action,

15                  as well as employees of said Counsel to whom it is reasonably

16                  necessary to disclose the information for this litigation and who

17                  have signed the "Agreement to Be Bound by Protective Order"

18                  that is attached hereto as Exhibit A;

19           (b)    the officers, directors, employees and insurers (including

20                  House Counsel) of the Receiving Party to whom disclosure is

21                  reasonably necessary for this litigation and who have signed

22                  the "Agreement to Be Bound by Protective Order" (Exhibit A);

23           (c)    experts (as defined in this Order) of the Receiving Party to

24                  whom disclosure is reasonably necessary for this litigation and

25                  who have signed the "Agreement to Be Bound by Protective

26                  Order" (Exhibit A);

27           (d)    the Court and its personnel;

28           (e)    court reporters, their staffs, and professional vendors to whom

1          disclosure is reasonably necessary for this litigation and who

2          have signed the "Agreement to Be Bound by Protective Order"

3          (Exhibit A);

4     (f)     during their depositions, witnesses in the action to whom

5          disclosure is reasonably necessary and who have signed the

6          "Agreement to Be Bound by Protective Order" (Exhibit A).

7          Pages of transcribed deposition testimony or exhibits to

8          depositions that reveal Protected Material must be separately

9          bound by the court reporter and may not be disclosed to anyone

10          except as permitted under this Stipulated Protective Order; and

11     (g)     the author of the document or the original source of the

12          information.

13    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14       ONLY"

15       Information or Items.  Unless otherwise ordered by the court or

16       permitted in writing by the Designating Party, a Receiving Party may

17       disclose any information or item designated "HIGHLY

18       CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19     (a)     the Receiving Party's Outside Counsel of record in this action,

20          as well as employees of said Counsel to whom it is reasonably

21          necessary to disclose the information for this litigation and who

22          have signed the "Agreement to Be Bound by Protective Order"

23          that is attached hereto as Exhibit A;

24     (b)     Experts (as defined in this Order) (1) to whom disclosure is

25          reasonably necessary for this litigation, (2) who have signed

26          the "Agreement to Be Bound by Protective Order" (Exhibit A);

27     (c)     the Court and its personnel;

28     (d)     court reporters, their staffs, and professional vendors to whom

1    disclosure is reasonably necessary for this litigation and who

2    have signed the "Agreement to Be Bound by Protective Order"

3    (Exhibit A); and

4    (e)    the author of the document or the original source of the

5    information.

6  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

7  **PRODUCED IN OTHER LITIGATION**.

8    If a Receiving Party is served with a subpoena or an order issued in

9  other litigation that would compel disclosure of any information or items

10  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

12  Designating Party, in writing (by fax, if possible) immediately and in no event

13  more than three court days after receiving the subpoena or order.  Such

14  notification must include a copy of the subpoena or court order.

15    The Receiving Party also must immediately inform in writing the

16  Party who caused the subpoena or order to issue in the other litigation that some or

17  all the material covered by the subpoena or order is the subject of this Protective

18  Order.  In addition, the Receiving Party must deliver a copy of this Stipulated

19  Protective Order promptly to the Party in the other action that caused the subpoena

20  or order to issue.  The purpose of imposing these duties is to alert the interested

21  parties to the existence of this Protective Order and to afford the Designating Party

22  in this case an opportunity to try to protect its confidentiality interests in the court

23  from which the subpoena or order issued.  The Designating Party shall bear the

24  burdens and the expenses of seeking protection in that court of its confidential

25  material – and nothing in these provisions should be construed as authorizing or

26  encouraging a Receiving Party in this action to disobey a lawful directive from

27  another court.

28  ///

1   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2          If a Receiving Party learns that, by inadvertence or otherwise, it has

3   disclosed Protected Material to any person or in any circumstance not authorized

4   under this Stipulated Protective Order, the Receiving Party must immediately (a)

5   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

6   best efforts to retrieve all copies of the Protected Material, (c) inform the person or

7   persons to whom unauthorized disclosures were made of all the terms of this

8   Order, and (d) request such person or persons to execute the Acknowledgment and

9   Agreement to Be Bound that is attached hereto as Exhibit A.

10  **10.     FILING PROTECTED MATERIAL**

11         If a party wishes to file a document that has been designated

12  "Confidential" by another party pursuant to this protective order, or if a party

13  wishes to refer in a memorandum or other filing to information so designated by

14  another party, the submitting party must follow the applicable procedures in the

15  assigned court.

16  **11.     FINAL DISPOSITION**

17         Unless otherwise ordered or agreed in writing by the Producing Party,

18  within sixty days after the final termination of this action, and upon request by the

19  Producing Party, each Receiving Party must return all Protected Material to the

20  Producing Party.  As used in this subdivision, "all Protected Material" includes all

21  copies, abstracts, compilations, summaries or any other form of reproducing or

22  capturing any of the Protected Material.  With permission in writing from the

23  Designating Party, the Receiving Party may destroy some or all of the Protected

24  Material instead of returning it.  Whether the Protected Material is returned or

25  destroyed, the Receiving Party must submit a written certification to the Producing

26  Party (and, if not the same person or entity, to the Designating Party) by the sixty

27  day deadline that identifies (by category, where appropriate) all the Protected

28  Material that was returned or destroyed and that affirms that the Receiving Party

1  has not retained any copies, abstracts, compilations, summaries or other forms of

2  reproducing or capturing any of the Protected Material.

3         Notwithstanding this provision, Counsel are entitled to retain an

4  archival copy of all pleadings, motion papers, transcripts, legal memoranda,

5  correspondence or attorney work product, even if such materials contain Protected

6  Material.  Any such archival copies that contain or constitute Protected Material

7  remain subject to this Protective Order as set forth in Section 4 (DURATION),

8  above.

9  **12.    MISCELLANEOUS**

10        12.1   Right to Further Relief.  Nothing in this Order abridges the right of

11               any person to seek its modification by the Court in the future.

12        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

13               Protective Order no Party waives any right it otherwise would have to

14               object to disclosing or producing any information or item on any

15               ground not addressed in this Stipulated Protective Order.  Similarly,

16               no Party waives any right to object on any ground to use in evidence

17               of any of the material covered by this Protective Order.

18

19        **IT IS SO ORDERED**.

20

21

22  Dated:  July 9, 2014

23  _____/s/_____

24  Hon.  Jacqueline Chooljian
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

11

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ , of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

District Court on May ___, 2014, in the case entitled *Kronfeld v. US Airways, Inc.*,

et al., Case No. CV13-08066-DDP (JCx).  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the Central District  of

the United States District Court for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ of

_____

[print or type full address and telephone number] as my California agent for

service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12